IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIRIAM E. CABRERA, *By Lucinda Trust, Attorney in Fact*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:12-CV-2054-M |
| LOANCARE, *a Division of FNF Servicing, Inc., et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated August 8, 2012, this case has been referred for pretrial management. Before the Court is *Defendants Loancare, A Division of FNF Servicing, Inc., and Freedom Mortgage Corporation's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement, and Brief in Support of Same*, filed August 14, 2012 (doc. 6). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED.**

**I. BACKGROUND**

This case involves foreclosure of real property located at 125 Lucinda Drive, Garland, Texas 75040 (the Property). On June 4, 2012, Miriam E. Cabrera by Lucinda Trust, Attorney in Fact (Plaintiff) sued LoanCare, a Division of FNF Servicing, Inc. (LoanCare) and Freedom Mortgage Corporation (Freedom) (collectively, Defendants) in the 160th Judicial District Court of Dallas County, Texas. (doc. 1-5 at 3.)

Plaintiff's petition alleges that Freedom obtained a deed of trust executed by Plaintiff on April 1, 2009, and recorded it with the Dallas County's Office of Public Records. (*Id.* at 4.) "[O]n

or before April 23, 2012," Defendants issued a notice of foreclosure pursuant to the deed of trust but "ha[ve] provided no evidence that they are in fact Holder[s] of the Note." (*Id.* at 4–6.) Because Defendants did not possess the note "with the proper endorsements," their authority to conduct a non-judicial foreclosure sale under the deed of trust, though it "appear[ed] valid on its face, [was] in fact null and void and therefore unenforceable." (*Id.* at 6.) Based on these contentions, she asserts claims against Defendants for violations of the Texas Debt Collection Practices Act (TDCPA), suit to quiet title, trespass to try title, breach of contract, and violations of the Real Estate Settlement Practices Act (RESPA). (*Id.* at 7–9.) She seeks declaratory judgment, as well as injunctive relief to prevent Defendants from taking possession of the Property. (*Id.* at 7–8.) Although she does not list them as claims, she also seeks actual and exemplary damages for "fraud, negligence, and intentional misrepresentation" and attorney's fees. (*Id.* at 9-10.)

On June 28, 2012, Defendants removed the action to this Court on the basis of diversity jurisdiction. (doc. 1.) On August 14, 2012, Defendants moved to dismiss Plaintiff's complaint. (doc. 6.) Plaintiff did not file a response. The motion is now ripe for recommendation.

## II. RULE 12(b)(6) MOTION

Defendants move to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* doc. 6.)

**A.    Rule 12(b)(6) Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker*

*v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950–51.[1]

---

[1] Defendants argue that Plaintiff's complaint should be dismissed under Rule 8 because she does not specify which claim she is asserting against which Defendant. (*See* doc. 6 at 3.) Under Rule 8(a)(2), "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement of the claim is one that gives the defendant

3

**B.     "Show-me-the-Note" Theory**

Defendants contend that Plaintiff's allegation that they were required to produce the original note before foreclosing on the Property lacks merit because "nothing in Texas law ... require[s] the original note in order to foreclose." (doc. 6 at 4–5.) Plaintiff alleges that "if Defendant[s] cannot affirmatively show [their] possession of the original note with the proper endorsements," their authority to conduct a non-judicial foreclosure sale under the deed of trust is rendered "null and void." (doc. 1-5 at 6.) She argues that "the ... note may not be non-judicially enforced through the power of sale in the deed of trust unless the Defendant has possession of the original note with the proper endorsements." (*Id.* at 6.) Although it is unclear from her complaint, these allegations appear to be the basis of her claims for violations of the TDCPA, suit to quiet title, trespass to try title, breach of contract, and her request for declaratory and injunctive relief. (*See id.* at 5–8.)

Plaintiff's allegations amount to what is commonly referred to as the "show-me-the-note" theory. *See Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *report and recommendation adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012). "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loan Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (citation and internal quotation marks omitted). The theory has been repeatedly rejected in this circuit. *Bennett*, 2012 WL 2864751, at *3; *see also Cervantes v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-0661-D, 2012 WL

---

fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Twombley,* 550 U.S. at 555. In the section titled "Parties," Plaintiff states that "Defendant is [Loancare]" and "Defendant is [Freedom]." (doc. 1-5 at 4.) In the sections where she asserts her individual claims, she generally refers to "Defendant." (*See id.* at 5.) Taken together, these statements should give Defendants fair notice that the claims are being asserted against both of them. Accordingly, the analysis proceeds on the assumption that "Defendant" refers to both Loancare and Freedom. (doc. 1-5 at 4.)

1605558, at *3 (N.D. Tex. May 8, 2012) (Fitzwater, C.J.) (collecting cases).

"Texas law treats promissory notes and deeds of trust as distinct obligations." *Leal v. Bank of New York Mellon*, No. CA C-12-265, 2012 WL 5465978, at *8 (S.D. Tex. Oct. 22, 2012) (citing to *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet denied)). As such, they afford their holder distinct remedies upon default, "the note against the borrower and the lien against the real property." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.) (citation omitted). While the Uniform Commercial Code (UCC) specifies who can "be a person entitled to enforce the note,"[2] a person's authority to foreclose on the property is governed by the deed of trust. *See Kramer v. Fannie Mae*, No. A–12–CA–276–SS, 2012 WL 3027990, at *7 (W.D. Tex. May 15, 2012). Consequently, "courts in Texas have repeatedly recognized that Texas law allows a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note." *Willard v. Deutsche Bank Nat'l Trust Co.*, No. 4:11-CV-844, 2012 WL 874552, at *3 (E.D. Tex. Feb. 21, 2012) (collecting cases); *accord Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1, n. 1 (5th Cir. Mar. 28, 2011) (per curiam)(citing to Tex. Prop. Code §§ 51.002 & 51.0025). Without more, the allegation that Defendants did not have the original note in their possession when they initiated the foreclosure proceedings cannot support any claim against them as a matter of law. *See Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-CV-0613-D, 2012 WL 2196040, at *2 (N.D. Tex. June 15, 2012)

---

[2] Plaintiff cites to the Texas UCC for the proposition that only a person who "has possession of the original note with the proper endorsements" can foreclose "through the power of sale in the Deed of Trust." (*See* doc. 1-5 at 6). Her reliance on the UCC is misplaced, however, because this statute addresses only the enforceability of negotiable instruments, not contracts, as are deeds of trust. *See* Tex. Bus. & Com. Code Ann. §§ 2.304, 3.201, and 3.203 (West 2002) (providing the requirements for the proper negotiation and endorsement of negotiable instruments).

(Fitzwater, C.J.). To the extent that Plaintiff's claims for violations of the TDCPA, suit to quiet title, trespass to try title, and breach of contract are based on her invalid show-me-the-note theory, these claims are subject to dismissal for failure to state a claim.

**C.    Texas Debt Collection Practices Act**

Defendants also move to dismiss Plaintiff's claim under the TDCPA on grounds that she has not identified "any wrongful act" on their part. (doc. 6 at 5.) They further contend they are not debt collectors under the Act because their "transaction" with Plaintiff did not involve debt collection, but consisted only of "Defendant Freedom … being the mortgagor" of her mortgage.[3] (*Id.* at 5–6.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M BH, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *report and recommendation adopted*, 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). The Act defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." Tex. Fin. Code Ann. § 392.001(6)(West 2006). "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). Debt collection can include "actions taken in foreclosing real property." *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted); *Swim v. Bank of Am.*, No. 3:11-CV-1240-M, 2012 WL 170758, at * 5 (N.D. Tex. Jan. 20, 2012). Defendants' alleged action of foreclosing on the Property may therefore fall within the purview of the TDCPA. *See Sanghera*, 2012 WL 555155, at *7.

---

[3] Defendants also move to dismiss Plaintiff's claim under the Deceptive Trade Practices Act (DTPA) on grounds that Plaintiff is not a "consumer." (*See* doc. 6 at 5–6.) The complaint does not appear to assert a DTPA claim, however. (*See* doc. 1-5 at 5.)

### 1. *Sections 392.303(a) and 392.304(a)*

Section 392.303(a) of the TDCPA prohibits debt collectors from using "unfair or unconscionable means that employ [certain prohibited] practices." Tex. Fin. Code Ann. § 392.304(a) (West 2005). Similarly, § 392.304(a) prohibits debt collectors from using "a fraudulent, deceptive, or misleading representation that employs [certain prohibited] practices." Tex. Fin. Code Ann. § 392.304(a) (West 2004).

Plaintiff argues that despite Defendants' failure to prove holder status and resulting lack of authority to collect on the note, they "engaged in actions to collect on the note," and "[t]hese actions [were therefore] ... fraudulent, deceptive and/or misleading representations, actionable under [§§ 392.303(a) or 392.304(a)]." (doc. 1-5 at 5.) Notably, Plaintiff does not identify a specific sub-section of §§ 392.303(a) or 392.304(a) or a particular prohibited practice that Defendants allegedly violated. She also fails to describe the specific actions that Defendants purportedly engaged in to "collect" on the note. To the extent that she implicitly refers to the non-judicial foreclosure, she fails to allege sufficient facts to raise a reasonable inference that this "action" could be considered unconscionable, fraudulent, deceptive, or misleading. Accordingly, any claim under §§ 392.303(a) and 392.304(a) should also be dismissed on this basis. *See Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (dismissing TDCPA claim where the plaintiffs neither pointed to specific sections of the Act that were allegedly violated, nor supplied sufficient facts to state a plausible claim, other than their "invalid" theory that the defendant could not foreclose because it was not the holder of the note).[4]

---

[4] In paragraph "c," Plaintiff also contends that "[a]ll alleged transfers, assignments, and misstatements of facts regarding the Note by Defendant[s], and [their] ... failure ... to verify that they [were] the holders of the Note, constitute violations of the [TDCPA]." She does not identify any particular section that was allegedly violated. Moreover, without any facts to support them, these bare legal conclusions fail to state a valid claim under any

7

## 2. Subsection 392.301(a)(8)

Subsection 392.301(a)(8)[5] provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ ... threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8) (West 2006).

Plaintiff's bare allegation that "Defendant[s] [are] in violation of ... section 392.301(a)(8), therefore having no authority to collect on the note or hold a substitute trustee's sale", (doc. 1-5 at 5), cannot plausibly entitle her to relief because she does not allege any facts showing that Defendants used threats or coercion in connection with the foreclosure. Any claim under § 392.301(a)(8) also fails for this reason. *See Swim*, 2012 WL 170758, at * 5 (dismissing claim under § 392.301(a)(8) because the plaintiffs failed to allege, among other things, "how [the] Defendants used threats or coercion" in connection with "foreclosing and selling the Property")

## D. Suit to Quiet Title and Trespass to Try Title[6]

Defendants contend that Plaintiff's claim to quiet title fails because she "merely points to ... perceived flaws in the foreclosure procedures" instead of showing her superior title.[7] (doc. 6 at 7.)

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the

---

section of the TDCPA.

[5] Plaintiff incorrectly cites this section as § 392.301(8). (doc. 1-5 at 5.)

[6] Plaintiff also asserts a claim for trespass to try title that is based on the same allegations as her suit to quiet title. (*See* doc. 1-5 at 6–7.) Although Defendants identify it as a claim in the "background" section of their brief, they do not specifically move to dismiss it. (*See* doc. 6 at 1, 6–7.) The Court may *sua sponte* dismiss the claim on its own motion under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice of the Court's intention and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citation omitted). The fourteen-day time frame allotted for filing objections to a recommended dismissal provides Plaintiff with sufficient notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08cv127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

[7] Defendants move to dismiss Plaintiff's request for declaratory judgment in the same section that they move to dismiss her quiet title claim. (*See* doc. 6 at 6.) This issue is addressed separately, however, because the declarations she seeks are not specifically related to or based on her quiet title claim. (*See* doc. 1-5 at 6–7.)

invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks omitted). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1752-M, 2012 WL 1106932, at *16 (N.D. Tex. Mar. 29, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). Notably, the plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). This action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.) (citations omitted). To prevail, a plaintiff must either: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not

9

abandoned." *Hurd*, 2012 WL 1106932, at *17 (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). As with a suit to quiet title, the plaintiff "must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 236 (citing to *Hejl v. Wirth*, 343 S.W.2d 226 (Tex. 1961) and *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

Here, Plaintiff alleges that the foreclosure placed a cloud on her title because "there was no assignment of record that [gave] Defendant[s] the right to [foreclose]." (doc. 1-5 at 4–5.) She asserts that she "has always been and remains the lawful owner of the Property" and the foreclosure sale "interferes with [her] ownership interest in the Property." (*Id.* at 6–7.) To establish her superior title, she argues, in essence, that Defendants could not lawfully convey or acquire the Property because they did not possess the note. (*Id.*) She fails to plead any facts giving rise to a reasonable inference that she has superior title or that Defendants' claim to the Property is invalid or unenforceable. Because she has failed to state plausible quiet title and trespass to try title claims, these claims are also subject to dismissal on this basis. *See Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, at *3 (N.D. Tex. Nov. 28, 2012).[8]

**E.     Breach of Contract**

Defendants contend that Plaintiff's claim for breach of contract should be also dismissed because she fails to specify which provisions of the deed of trust were allegedly violated, and her "vague, indefinite, ambiguous, and conclusory allegations" fail to factually support the other elements of the claim. (doc. 6 at 7.)

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a

---

[8] Plaintiff does not allege that she has lost possession of the Property to Defendants; her request for injunctive relief clarifies that her "request only applies if the Justice Court ... should proceed with a forcible detainer action." (doc. 1-5 at 7.) Her trespass to try title claim also fails for this additional reason.

valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Hurd*, 2012 WL 1106932, at *8 (citations omitted).

Plaintiff alleges that Defendants' "acts, omissions, and conduct ... constitute breaches of the Deed of Trust and the related agreements" between the parties. (doc. 1-5 at 7.) She does not identify specific provisions of the deed of trust or the related agreements that Defendants purportedly violated, however. Because she fails to allege *any* facts to support her formulaic recitation of the elements of the claim, she fails to meet the pleading standards under *Twombly*. She also fails to state a claim for breach of contract for this reason.

**F.     RESPA**

Defendants move to dismiss Plaintiff's claim under RESPA, arguing that she fails to identify any particular provision that was allegedly violated, and in any event fails to allege any facts to support her claim. (doc. 6 at 8.)

RESPA protects borrowers by "requir[ing] mortgage lenders to clearly and completely disclose settlement costs ... and prohibit[ing] predatory practices in the settlement process." *Val-Com Acquisitions Trust v. Chase Home Fin. LLC*, 3:10-CV-1214-K, 2011 WL 1938146, at *3 (N.D. Tex. May 19, 2011); *see also* 12 U.S.C.A. §§ 2605–2608 (2011).

Plaintiff alleges that Defendants violated RESPA by failing to provide her with "required disclosure statements" and by "fail[ing] to comply with procedures required by the [Act]." (doc. 1-5 at 7.) Notably, her claim is factually unsupported and reads more like a recitation of the elements of a RESPA violation than specific allegations of wrongdoing. For instance, she does not identify the particular disclosures that were not provided, the specific procedures that were not followed, or

11

the precise manner in which Defendants purportedly violated the Act. Because Plaintiff's conclusory allegations fail to state a plausible RESPA claim, this claim should be dismissed.

**G.     Declaratory Relief**

Defendants urge dismissal of Plaintiff's request for declaratory judgment on the grounds that it "is not a cause of action." (doc. 6 at 6.)

Plaintiff's complaint seeks relief under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code. (*See* doc. 1-5 at 7.) "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one." *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)). However, in light of removal from state court, the action may be construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act").

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The federal Declaratory Judgment Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009)

(Fitzwater, C.J.) (citations and internal quotation marks omitted). The Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

Here, Plaintiff seeks declaratory judgment that (1) Defendants "did not have the legal right to declare [a] default [on] the note" or foreclose on the Property pursuant to the deed of trust; (2) Defendants' foreclosure was invalid and the resulting substitute trustee's deed was void; and (3) "Defendant[s] [are] not the lawful owner[s] of the Property." (doc. 1-5 at 7.) These declarations appear to be based on her invalid show-me-the-note theory. Additionally, as discussed above, she has failed to allege any facts giving rise to a plausible substantive claim or suggesting a present genuine controversy between the parties. Her request for declaratory judgment is therefore also subject to dismissal. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5–6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

## H. Injunctive Relief

Defendants last contend that Plaintiff's request for injunctive relief is subject to dismissal because she cannot establish a "substantial likelihood of success on the merits" given that she has failed to plead a viable claim. (doc. 6 at 8.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs.,*

13

*Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Here, Plaintiff seeks to inspect the note, and also requests a temporary restraining order, a temporary injunction, and a permanent injunction to prevent Defendants from taking possession of the Property.  (doc. 1-5 at 7–8, 11.)  Because dismissal of Plaintiff's claims is warranted on the merits, she cannot establish any likelihood of success on the merits.  *See id.*  Accordingly, her request for injunctive relief should be dismissed.

### III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.  *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended her complaint since filing this action, and it does not appear that she has pled her best case to the Court.  She should therefore be accorded an opportunity to

amend her complaint to sufficiently state a claim for relief.[9]

## IV. RECOMMENDATION

If Plaintiff does not file an amended complaint that states a claim for relief within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendants' motion to dismiss should be **GRANTED**, their alternative motion for a more definite statement should be **DENIED as moot**, and all of Plaintiff's claims against them should be dismissed with prejudice. If Plaintiff timely files an amended complaint, however, both the motion to dismiss and the alternative motion for a more definite statement should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 22nd day of January, 2013.

　　　　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[9] As all of Plaintiff's claims are subject to dismissal for failure to state a claim and she is entitled to an opportunity to amend, Defendants' alternative motion for a more definite statement should be **DENIED as moot**.

15

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE